IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| CHRISTOPHER S. JORDAN, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-07-233-S-BLW |
| | ) | |
| v. | ) | |
| | ) | **INITIAL REVIEW ORDER** |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On May 29, 2007, Idaho state prisoner Christopher S. Jordan filed a Petition for Writ of Habeas Corpus in this Court under 28 U.S.C. § 2254. The Court is required to screen a habeas petition upon receipt to determine whether it is subject to summary dismissal. *See* Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id*.

The Court has reviewed its own records and has determined that Petitioner filed a previous habeas action, challenging the same state court conviction, which Magistrate Judge Mikel H. Williams dismissed as untimely on April 25, 2005. (Case No. CV 04-484-S-MHW, Docket No. 18.) Petitioner did not seek a

**INITIAL REVIEW ORDER - 1**

certificate of appealability from that decision.

Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), specifically 28 U.S.C. § 2244(b), a state prisoner is prohibited from bringing a "second or successive habeas corpus application" in federal court unless he has first demonstrated to the appropriate Circuit Court of Appeals that his case fits within one of two narrow exceptions.  28 U.S.C. § 2244(b)(2)&(3).  A new petition that is filed after a previous petition has been dismissed on statute of limitations grounds, as here, is a "second or successive" one.  *Murray v. Greiner*, 394 F.3d 78, 81 (2nd Cir. 2005); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003); *cf. Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005) (holding that a previous order of dismissal on the basis of procedural default bars a later petition).

Because Petitioner has not indicated that the Ninth Circuit Court of Appeals has authorized him to proceed with a new petition for habeas relief, it appears that this cause of action must be dismissed.  Accordingly, Petitioner shall have 21 days from the date of this Order to show cause why his case should not be dismissed for lack of jurisdiction under 28 U.S.C. § 2244(b).

**INITIAL REVIEW ORDER - 2**

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Application for In Forma Pauperis Status (Docket No. 2) is GRANTED.

IT IS FURTHER ORDERED that no later than twenty-one (21) days from the date of this Order, Petitioner shall show cause why this case should not be dismissed.



DATED: **July 17, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**INITIAL REVIEW ORDER - 3**