IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| CHRISTOPHER S. JORDAN, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-07-233-S-BLW |
| | ) | |
| v. | ) | |
| | ) | **ORDER OF DISMISSAL** |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The Court previously ordered Petitioner to show cause why this second or successive habeas corpus action should not be dismissed for lack of jurisdiction. (Docket No. 4.)  Currently before the Court is Petitioner's response to that Order. (Docket No. 9.)

Petitioner's first habeas action was dismissed by Magistrate Judge Mikel H. Williams as untimely on April 25, 2005.  (Case No. CV 04-484-S-MHW, Docket No. 18.)  At the time that Judge Williams issued his ruling, Petitioner had not filed a notice of appeal from the dismissal of his state post-conviction action, and the time to do so had passed under state law.  As a result, Judge Williams concluded that the one-year federal limitations period, which had been tolled, restarted at the conclusion of the state court post-conviction action and expired before Petitioner

**ORDER - 1**

initiated the federal case. (Case No. CV 04-484-S-MHW, Docket No. 18, p. 4.) Because this earlier Petition was dismissed with prejudice, this Court concluded in its Initial Review Order that the new Petition was a "second or successive" one subject to dismissal under 28 U.S.C. § 2244(b). (Docket No. 4, p. 2)

In his response, Petitioner contends that after the Judgment was entered in the first habeas case, the state district court reissued its order dismissing the state post-conviction action so that Petitioner could appeal to the Idaho appellate courts. (Docket No. 9, pp. 2-3.) Petitioner seems to suggest that the state court's reinstatement of the post-conviction appeal now qualifies him for statutory or equitable tolling of the federal limitations period such that the new Petition should be deemed timely. This argument misses the mark, however, as Petitioner fails to explain how this entirely new application for federal habeas relief is not a second or successive one under 28 U.S.C. § 2244(b). Because Petitioner has not shown that he has sought and received authorization from the Court of Appeals for the Ninth Circuit to file such an application, this case must be dismissed.[1]

---

[1] The Court notes that Petitioner may wish to review whether he has grounds to file a motion for relief from judgment in the *previous* habeas case (CV 04-484-S-MHW) pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. *See Gonzalez v. Crosby*, 545 U.S. 524 (2005); *Butz v. Mendoza-Powers*, 474 F.3d 1193 (2007). The Court expresses no opinion on the potential merit of such a motion.

**ORDER - 2**

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion for Order to Show Cause Why Habeas Petition Should not be Dismissed (Docket No. 9) is DENIED.

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus shall be DISMISSED for lack of jurisdiction.

DATED: **November 28, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER - 3**